**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3708-21

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ABDUL WILLIAMS, a/k/a
EUGENE TUTLER,
ABDUL M. WILLIAMS,
and AKBAR WILLIAMS,

     Defendant-Appellant.

_____

Submitted November 27, 2023 – Decided December 1, 2023

Before Judges Sabatino and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 95-07-2473, 99-08-2789, and 99-08-2790.

Joseph E. Krakora, Public Defender, attorney for appellant (Anderson David Harkov, Designated Counsel, on the brief).

Theodore N. Stephens, II, Acting Essex County Prosecutor, attorney for respondent (Hannah Faye Kurt,

Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Abdul Williams appeals the trial court's denial without an evidentiary hearing of his petition for post-conviction relief ("PCR"). We affirm.

Defendant's petition stems from a plea agreement he entered into twenty years ago in February 2003. Through that agreement, defendant pled guilty to a fourth-degree offense of possession of prohibitive devices, specifically dumdum bullets. Two other counts in the indictment were dismissed.

Consistent with the plea agreement, defendant was sentenced in April 2003 to a custodial term of eighteen months, concurrent to his sentences on charges in two unrelated indictments. The eighteen-month term was satisfied by time served.

Fourteen years later in 2017, federal authorities arrested defendant and charged him with a federal firearms offense. He was convicted of that federal charge. Under the federal sentencing guidelines, defendant's 2003 state court conviction on the bullets possession offense increased his federal sentencing exposure. He consequently received a ninety-two-month federal prison sentence.

In his PCR petition filed in 2021—eighteen years after his 2003 sentencing—defendant claims his trial counsel was ineffective in not advising him that his sentencing exposure on a future federal charge would be higher because of his guilty plea. Defendant further asserted his former attorney was ineffective in failing to move to dismiss the indictment, which had been issued eight years before his plea hearing. He also alleged his attorney ignored his claims of innocence and coerced him to accept the State's plea offer.

After considering the parties' submissions and oral argument, the PCR judge issued an oral decision on June 22, 2022, denying defendant's petition. The PCR judge concluded the petition was time barred and, furthermore, lacked merit. This appeal ensued.

In his brief on appeal, defendant presents the following points:

> POINT I
>
> THE PCR COURT ERRED WHEN IT FAILED TO GRANT DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT'S CONTENTION THAT PLEA COUNSEL FAILED TO EXPLAIN THE FUTURE RAMIFICATIONS OF HIS PLEA AGREEMENT, WAS NOT CONTRADICTED BY THE RECORD BELOW AND WAS NOT REFUTED BY THE STATE.

THE TIME BAR OF [RULE] 3:22-12 SHOULD NOT HAVE BEEN APPLIED TO DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF BECAUSE DEFENDANT WAS NEVER INFORMED OF HIS RIGHT TO FILE A PETITION FOR POST-CONVICTION RELIEF AND HE DID NOT KNOW HIS GUILTY PLEA IN THIS CASE WOULD RESULT IN A SENTENCE ENHANCEMENT IN FEDERAL COURT.

POINT III

THE FAILURE OF TRIAL COUNSEL TO ADVISE DEFENDANT THAT HIS GUILTY PLEA AND SUBSEQUENT CONVICTION IN STATE COURT, WOULD RESULT IN THE ENHANCEMENT OF ANY SENTENCE HE WOULD RECEIVE IN FEDERAL COURT, DEPRIVED DEFENDANT OF HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.

Having considered these arguments, we concur with the PCR court that defendant's petition was both procedurally barred as untimely and devoid of merit. We affirm, substantially for the reasons set forth in the court's oral decision. We add only a few brief comments.

Rule 3:22-12(a)(1) plainly states that "no [PCR] petition shall be filed . . . more than [five] years after the date of entry . . . of the judgment of conviction that is being challenged." Here, defendant's judgment of conviction was entered on April 24, 2003, thereby requiring his PCR petition to be filed on or before

4                                                                                          A-3708-21

April 24, 2008. As we noted, defendant's petition was not filed until 2021, more than twelve years after that five-year deadline had passed.

As the PCR court correctly recognized, none of the exceptions to the five-year time bar set forth in Rule 3:22-12(a)(1)(A) and (B) can salvage defendant's late petition. In particular, the PCR court reasonably rejected defendant's contention that his lateness is justified by excusable neglect under Rule 3:22-12(a)(1)(A). Defendant claims that he was not aware of his state post-conviction rights until he arrived in federal prison in 2017. Even if that assertion were true, defendant's ignorance of the applicable deadline does not comprise excusable neglect. A defendant's lack of sophistication in the law does not establish excusable neglect. State v. Murray, 162 N.J. 240, 246 (2000) (citing State v. Mitchell, 126 N.J. 565, 580 (1992)). Moreover, the burden to justify a late filing of a PCR petition increases with the length of the delay, which in this case is over twelve years. State v. Milne, 178 N.J. 486, 492 (2004).

In addition, to meet this exception to the five-year deadline under the Rule, defendant must also demonstrate that enforcing the time bar would "result in a fundamental injustice." R. 3:22-12(a)(1)(A). For the reasons we will discuss next concerning the merits, no such injustice would be caused by rejecting defendant's untimely petition.

A-3708-21

Turning to the substance of defendant's claims of ineffective counsel, we apply well settled principles. In reviewing such claims, courts apply a strong presumption that defense counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland v. Washington, 466 U.S. 668, 690 (1984). The two-part Strickland test requires defendants to prove (1) deficient performance by their former counsel; and (2) resultant actual prejudice. Id. at 687; see also State v. Fritz, 105 N.J. 42, 54 (1987). In the present context in which a defendant is alleging the ineffectiveness of plea counsel, the defendant must show a "reasonable probability" that the result would have been different had the defendant received proper advice from the trial attorney. Lafler v. Cooper, 566 U.S. 156, 162-63 (2012); Missouri v. Frye, 566 U.S. 134 (2012).

Defendant's contentions of ineffectiveness fail to meet these requirements. His contention that his attorney should have moved to dismiss the indictment because of the time lag from his arrest in 1995 to his plea in 2003 is unavailing. It is pure speculation that the court would have granted such a dismissal.

Likewise, defendant's argument that his attorney should have forecast that he would be sentenced more harshly if he committed a federal offense at some future time, does not amount to deficient performance. This court rejected a

6                                                                                            A-3708-21

similar claim in State v. Wilkerson, 321 N.J. Super. 219, 227 (App. Div. 1999), in which we held that "[t]here is no constitutional requirement" for counsel to advise a defendant pleading guilty to a current charge of the "possible or even potential enhancement consequences of future aberrant conduct."

Finally, defendant's claim that his former counsel coerced him to plead guilty is belied by the transcript of the plea hearing, during which defendant stated under oath that his attorney had reviewed the plea agreement with him, that he was satisfied with the attorney's services, and that he was pleading guilty voluntarily.

No plenary hearing was required before the PCR court because defendant's arguments do not present a prima facie case for relief. State v. Preciose, 129 N.J. 451, 462-63 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3708-21